UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAGIBE AL-HAJ,

                     Plaintiff,

      -against-

DR. SINGER, *et al.*,

                     Defendants.

19-CV-3135 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

By order dated May 20, 2019, the Court dismissed the action without prejudice after Plaintiff failed to submit a completed request to proceed *in forma pauperis* ("IFP application") or pay the $400.00 in fees required to file a civil action in this Court. On June 7, 2019, the Court received a letter from Plaintiff indicating that he did not "have [a] lawyer for this lawsuit to extend the time to answer [the] motion to dismiss until June 29, 2019 and to appoint an attorney to represent [him]." (ECF No. 5.) He also indicates that he is mentally ill, his facility does not have a law library, and he does not speak or write English well. (*Id.*) He then reasserts the facts he alleged in his complaint. On June 18, 2019, Plaintiff filed a notice of appeal. (ECF No. 6.)

The Court liberally construes Plaintiff's June 7, 2019 letter as a motion under Federal Rule of Civil Procedure 59(e) to alter or amend judgment. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms." (citations omitted)), and grants the motion for the following reasons.

**DISCUSSION**

On June 18, 2019, before the Court ruled on Plaintiff's liberally construed Rule 59(e) motion, Plaintiff filed a notice of appeal. Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the

district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Ryan v. United States Line Co.*, 303 F.2d 430, 434 (2d Cir. 1962) (holding that the docketing of a notice of appeal "ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule."). By statute, however, "[i]f a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of [a Rule 59(e) motion] – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i).

Here, Plaintiff's appeal was docketed after entry of judgment but before the Court disposed of Plaintiff's Rule 59(e) motion. Under Fed. R. App. P. 4(a)(4)(B)(i), the Court has jurisdiction to resolve the Rule 59(e) motion because the notice of appeal is not yet effective. *See, e.g., Stewart Park & Reserve Coal. Inc. (SPARC) v. Slater*, 374 F. Supp. 2d 243, 252 (N.D.N.Y. 2005) (reasoning that "application of Appellate Rule 4 effectively renders the appeal to the Court of Appeals in abeyance pending the district court's determination of the post-judgment motion.").

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206

(S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

The Court concludes that Plaintiff intends to pursue this matter, demonstrated by his June 7, 2019 letter. When Plaintiff received the May 20, 2019 order of dismissal, he soon thereafter filed the letter. The Court therefore grants Plaintiff's liberally construed Rule 59(e) motion and directs the Clerk of Court to reopen this matter.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court also directs the Clerk of Court to vacate the order of dismissal and the civil judgment (ECF Nos. 3, 4) and reopen this action.

The Clerk of Court is further directed to deliver a copy of this order to the Clerk of the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: June 24, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge