UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAGIBE AL-HAJ,

                                  Plaintiff,

                    -against-

DR. SINGER, *et al.*,

                                  Defendants.

19-CV-3135 (LJL)

ORDER OF SERVICE

LEWIS LIMAN, United States District Judge:

    Plaintiff, currently detained at Kirby Forensic Psychiatric Center (Kirby), brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights at Kirby. By order dated January 6, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## DISCUSSION

### A.    Order of Service

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

issued. The Court therefore extends the time to serve until 90 days after the date the summons is

issued. If the complaint is not served within that time, Plaintiff should request an extension of

time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the

plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*,

378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the

information necessary to identify the defendant, the Marshals' failure to effect service

automatically constitutes 'good cause' for an extension of time within the meaning of Rule

4(m).").

To allow Plaintiff to effect service on Defendants Dr. Cristina Musat and Sonte Taylor[2]

through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals

Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The

Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all

the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

**B.**     *Valentin* **order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court

in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies

sufficient information to permit Kirby to identify the full names of the following defendants

named in the caption and the body of the complaint: (1) Dr. Singer; (2) Dr. Sakaleg; (3) Keln; (4)

Vincent Nurses; (5) Dr. Sekulieh; and (6) Dr. Rouseau. It is therefore ordered that the Attorney

---

[2] In *Al-Haj v. Kirby Forensic Psych. Ctr.*, Plaintiff's pending action brought against some
of the same defendants, the Attorney General's Office identified the full names of these two
defendants. ECF 1:19-CV-6067, 31.

General's Office, which is the attorney for and agent of Kirby, must ascertain the full names of these defendants and where they may be served. The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming these defendants. The second amended complaint will replace, not supplement, the amended complaint. Plaintiff must therefore reassert all his claims against each defendant named in the caption of the second amended complaint. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.  A second amended complaint form is attached to this order.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York Attorney General's Office at: 28 Liberty Street, New York, NY 10005.

The Clerk of Court is directed to substitute Dr. Cristina Musat for defendant Dr. Musa, and Senior SHTA Sonte Taylor for defendant Senior Taylor. *See* Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Musat and Taylor and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:      4/29/2020
            New York, New York

_____
                     LEWIS LIMAN
                     United States District Judge

4

**DEFENDANTS AND SERVICE ADDRESSES**

1.      Dr. Cristina Musat
        Kirby Forensic Psychiatric Center
        600 East 125th Street
        New York, NY 10035

2.      Senior SHTA Sonte Taylor
        Kirby Forensic Psychiatric Center
        600 East 125th Street
        New York, NY 10035