```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/7/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
NAGIBE AL-HAJ,                                                     :
:
                           Plaintiff,                              :
:                       19-cv-3135 (LJL)
          -v-                                                      :
:                           ORDER
DR. SINGER, DR. SAKALEG, DR. KLEIN, NURSE                          :
VINCENT, DR. CRISTINA MUSAT, AND SONTE                             :
TAYLOR,                                                            :
:
                           Defendants.                             :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      By Opinion and Order filed on September 28, 2021, the Court granted defendants' motion to dismiss Plaintiff's complaint and amended complaint against them. *See* Dkt. No. 42. In that Opinion and Order, the Court explained that, even under the liberal pleading standards afforded to *pro se* litigants, the complaints failed to state a claim for relief. Specifically, the Court held that Plaintiff's allegations did not contain the requisite factual content to state a claim of constitutional deprivation, including because he did not allege facts to suggest that defendants departed from ordinary professional judgment or had a malicious reason for their actions or facts regarding how his First Amendment rights were violated. It also held that Plaintiff did not state a claim for constitutional violations against one of the defendants for failing to act in incidents involving fellow patients, explaining that Plaintiff did not plead facts regarding the defendant's responses to those incidents and therefore did not plead the deliberate indifference necessary to show a constitutional violation. The Court dismissed the complaint without prejudice in order to give Plaintiff the opportunity, having the benefit of the Court's explanation of the applicable pleading standards, to amend his complaint within ninety days of the date of that Opinion and Order

      Plaintiff submitted a letter on October 26, 2021 titled "Amending Compling [sic]." *See* Dkt. No. 45. The letter is difficult to comprehend, but it does not appear to allege any facts regarding the defendants in this action, instead seeming to contain general statements unconnected to the defendants, including that Plaintiff has been working in Kirby (the center where he is housed) with no pay and talking about his faith for free, that he has been injured with injection, and that jobs are not done correctly. Even construing this letter as an amended complaint and interpreting it "to raise the strongest claim that it suggests," *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013), the Court is unable to determine what claims, if any, Plaintiff is alleging against the defendants or what actions defendants took (or did not) that would make them liable to Plaintiff. Accordingly, to the extent the letter at Dkt. No. 45 is an amended

complaint, it does not cure the pleading deficiencies identified in the Court's Opinion and Order of September 28, 2021, and it is dismissed. The Clerk of Court is respectfully directed to mail a copy of this Order to the Plaintiff and to close the case.

    SO ORDERED.

Dated: January 7, 2022
       New York, New York

                                                          LEWIS J. LIMAN
                                              United States District Judge